IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY GLENN COOKS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:08-CV-0339-O |
| | § | |
| RICK THALER, | § | |
| DIR. TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge (Doc. 22) and Petitioner's objections thereto (Doc. 27). The Magistrate Judge recommends the denial of Petitioner's writ of habeas corpus, finding that Petitioner's allegations were conclusory in nature and failed to show that the outcome of the case would have been decided differently. Petitioner, Jerry Glenn Cooks, takes issue with the Magistrate Judge's findings and argues that he is entitled to an evidentiary hearing on one or more grounds.

Petitioner argued in his Petition for Writ of Habeas (Doc. 1), that his defense counsel was ineffective due to counsel's failure to do the following: 1) prepare for trial; 2) object to improper prosecutorial comments; 3) discuss the case with Petitioner; 4) object to the finding of a "deadly weapon;" 5) move for an instructed verdict; and 6) obtain a transcript of the examining trial. Additionally, Petitioner took issue with the State's failure to disclose favorable evidence, including the transcript from the examining trial and the name of the person who purchased drugs from Petitioner. Petitioner took issue with comments to the jury regarding how Petitioner would plea, as well as the sufficiency of the evidence supporting the "deadly weapon"

characterization. In Petitioner's objections (Doc. 27), he once again takes issue with the sufficiency of his counsel and the State's failure to disclose evidence. However, Petitioner does not address anything specific in his objections. Petitioner also objects to the "deadly weapon" characterization, arguing that the evidence was insufficient to uphold such a charge.

Petitioner argues that he was denied due process by the State's failure to disclose evidence favorable to the defense, violating *Brady v. Maryland*, 373 U.S. 87 (1963). To establish a Brady violation, petitioner must show: 1) the prosecutor suppressed or withheld evidence, 2) that was favorable, and 3) material to the defense. *Id.* at 87. "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Bagely*, 473 U.S. 667, 682 (1985). Petitioner complains of the Prosecutor's failure to provide a transcript of the examining trial and the name of the person who purchased drugs from the Petitioner. The Magistrate Judge explained that because the man who purchased drugs from Petitioner was not detained, his identity was not available to the prosecutor. Thus, there was no evidence withheld from Petitioner. As for the transcript of the examining trial, this information was available to the Petitioner, though the prosecutor did not provide Petitioner with a copy. The Fifth Circuit holds that there is no *Brady* violation if the defendant could have obtained the evidence using due diligence. *Williams v. Scott*, 35 F.3d 159, 163 (5th Cir. 1994). Hence, there was no *Brady* violation by the State.

Petitioner also objects to the Prosecutor's jury argument, referencing Petitioner's initial uncertainty as to how he should plea. During the arraignment before the jury, the trial court asked Petitioner "what plea do you make to this charge, sir?" In response, Petitioner stated "I don't know man." After further discussion, Petitioner entered a not guilty plea.

In his motion and objections, Petitioner asserts that this argument should not have been presented to the jury. However, Petitioner fails to show how he was prejudiced by the

prosecutor's comment. Because Petitioner's indecisive plea was made in front of the jury initially, Petitioner is unable to show that the outcome would have been any different without the prosecutor's statement.

Additionally, Petitioner takes issue with the sufficiency of the evidence supporting the Court's characterization of the butterfly knife as a "deadly weapon." Petitioner asserts that there was no "direct connection" between his possession of the knife and the sale of drugs. However, Texas case law establishes that the knife doesn't have to be used, if the weapon "ordinarily facilitates the associated felony." *Coleman v. State*, 145 S.W.3d 649, 652 (Tex. Crim. App. 2004). Texas courts have held that possession of a weapon can facilitate criminal possession of drugs, with intent to distribute. *Gale v. State*, 998 S.W.2d 221, 226 (Tex. Crim. App. 1999). Thus, there is a "direct connection" between the weapon in Petitioner's possession and the drug transaction. Evidence also shows that Petitioner had the knife out immediately preceding the drug transaction, exhibiting the dangerous nature of the weapon. Because a butterfly knife is capable of severe bodily injury and death, "deadly weapon" was an appropriate characterization of the knife and the jury's conclusion was not unreasonable.

Petitioner next argues that defense counsel was ineffective, thereby depriving him of due process. To prove ineffective counsel, Petitioner must show that: 1) counsel's performance was deficient; and 2) the deficient performance prejudiced the defense so gravely, as to deprive petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner alleges that his attorney failed to prepare for trial, object to prosecutorial comments, discuss the case with Petitioner, object to the finding of a deadly weapon, move for an instructed verdict, and obtain a copy of the transcript from the trial examination. As the Magistrate Judge stated, Petitioner's comments regarding counsel's failure to prepare or discuss the trial are conlusory allegations. Petitioner does not explain how his attorney failed to meet professional standards.

3

Though counsel did not obtain a copy of the trial examination transcript, inconsistencies in witness testimony were brought to light nonetheless. Because such information was provided to the jury, Petitioner was not prejudiced by counsel's failure to obtain the transcripts. Even assuming counsel's performance was less than adequate, Petitioner is still unable to show that he was prejudiced by any deficient performance.

Petitioner also argues that counsel's failure to raise various objections constituted ineffective counsel. Petitioner takes issue with counsel's failure to object to comments by the prosecutor. As stated previously, the substance of these comments was already known to the jury. Thus, Petitioner is unable to show that counsel's failure to object adversely effected the outcome of the case. Petitioner also takes issue with the butterfly knife being characterized as a "deadly weapon," and counsel's failure to object thereto. At trial, the prosecutor put on evidence to support the knife's characterization as a "deadly weapon." So, although counsel could have objected, Petitioner cannot prove that the jury came to an unreasonable conclusion. Lastly, Petitioner objects to counsel's decision not to move for an instructed verdict. However, as the Magistrate Judge points out, counsel had no grounds to move for an instructed verdict. Although counsel could bring the motion, it would have been frivolous and wholly ineffective. Counsel's failure to bring frivolous motions does not constitute ineffective counsel. In sum, counsel's action had no adverse effect on the trial's outcome and Petitioner has presented no evidence indicating otherwise.

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 22) and Petitioner's Objections thereto (Doc. 27), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. By separate judgment, the Court formally dismisses this

action.

    **SO ORDERED** on this **21st** day of **May, 2010.**

                                       _____
                                       Reed O'Connor
                                       **UNITED STATES DISTRICT JUDGE**